CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

JUL 16 2014

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| DURRELL KAYE JACKSON, | ) | Civil Action No. 7:14-cv-00077 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| C. ZYCH, | ) | By:   Hon. Glen E. Conrad |
|     Respondent. | ) | Chief United States District Judge |

Durrell Kaye Jackson, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner argues that the Fair Sentencing Act of 2010 invalidates his life sentence for engaging in a continuing criminal enterprise. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court concludes that petitioner fails to demonstrate an entitlement to relief under § 2241 and dismisses the petition without prejudice.

## I.

On October 18, 2002, the United States District Court for the Northern District of Iowa ("district court") sentenced petitioner to concurrent life sentences for multiple counts involving distributing cocaine in a continuing criminal enterprise.[1] On appeal, the United States Court of Appeals for the Eighth Circuit remanded the case to the district court to vacate petitioner's conspiracy conviction and affirmed the remainder of the judgment. United States v. Jackson, 345 F.3d 638, 350 (8th Cir. 2003). Pursuant to the Court of Appeals' decision, the district court

---

[1] A jury found Petitioner guilty of one count of conspiracy, in violation of 21 U.S.C. § 846; five counts of knowingly and intentionally distributing and aiding and abetting in the distribution of crack cocaine, in violation of 21 U.S.C. § 841; one count of knowingly engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; one count of knowingly and intentionally distributing crack cocaine as a convicted felon, in violation of 21 U.S.C. § 846; and nine counts of knowingly and intentionally using a telephone in the distribution of cocaine, in violation of 21 U.S.C. § 843. Petitioner received a life sentence for engaging in a continuing criminal enterprise and another life sentence for distributing large quantities of cocaine.

entered an amended judgment on January 9, 2004, that did not change the two life sentences for the continuing criminal enterprise and cocaine distribution convictions.

On May 6, 2004, petitioner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, which the district court denied on January 20, 2005. The Eighth Circuit Court of Appeals dismissed the subsequent appeal. On January 15, 2008, petitioner filed a motion for reconsideration of the denial of the § 2255 motion in the district court, which denied the motion and a subsequent motion for reconsideration as meritless.[2]

Petitioner filed the instant petition to have the court vacate the life sentence for the continuing criminal enterprise conviction. Petitioner argues that the Fair Sentencing Act of 2010 should reduce the amount of cocaine attributable to him below the threshold required to sustain a continuing criminal enterprise conviction, pursuant to 21 U.S.C. § 848(b)(2)(A).

## II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." 28 U.S.C. § 2255(e); Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a defendant satisfies a three-part standard:

---

[2] The district court dismissed another § 2255 motion as successive on October 5, 2012. Also, petitioner filed a "Motion for Relief under 28 U.S.C. § 2007(b)" in the United States District Court for the Eastern District of California, which construed the motion as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and dismissed it with prejudice as meritless.

> (1) [A]t the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner may not challenge his convictions via § 2241. The Fair Sentencing Act of 2010 was a change in sentencing law, not substantive law, and petitioner fails to explain how a change in substantive law made it legal to distribute cocaine or engage in a continuing criminal enterprise. Furthermore, "Fourth Circuit precedent has . . . not extended the reach of [28 U.S.C. § 2255(e)] to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 333-34); see Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) ("[T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."); see also United States v. Jones, __ F.3d __, No. 12-7675, slip op. at *12-18 (4th Cir. July 14, 2014) (declining to extend "actual innocence" of a sentencing determination as an exception to a statute of limitations). The fact that a new § 2255 motion would be time barred or considered successive does not make § 2255 review "inadequate" or "ineffective." Accordingly, petitioner fails to meet the In re Jones standard to show that § 2255 is inadequate or ineffective to test the legality of a life sentence, his claim cannot be addressed under § 2241, and the petition must be dismissed.

3

## III.

For the foregoing reasons, the court grants respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus without prejudice.

**ENTER**: This 16th day of July, 2014.

_Jun Conrad_

Chief United States District Judge

4